# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JILLIAN WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 06C1815 |
| ) | JUDGE HOLDERMAN |
| ABT ELECTRONICS, INC., ) | Magistrate Judge Nolan |
| ) | |
| Defendant. ) | |

## ABT ELECTRONICS, INC.'S RULE 50(A) MOTION
## FOR JUDGMENT AS A MATTER OF LAW

Defendant, Abt Electronics, Inc. ("Abt"), respectfully requests that this Court enter judgment as a matter of law in its favor because Plaintiff has failed to present legally sufficient evidence that Abt retaliated against Plaintiff, and, accordingly, no reasonable jury could find in Plaintiff's favor and against Abt. In support of this Motion, Abt states as follows:

1. Fed. R. Civ. P. 50(a) provides, as follows:

   (a) Judgment as a Matter of Law

   (1) If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue.

   (2) Motions for judgment as a matter of law may be made at any time before submission of the case to the jury. Such a motion shall specify the judgment sought and the law and the facts on which the moving party is entitled to the judgment.

2. Plaintiff claims that her employment was terminated in retaliation for telling one of her supervisors, Gregory Meinholz, to stop sexually harassing her. Plaintiff's claims are legally insufficient for the following reasons.

Title VII prohibits an employer from retaliating against an employee because that employee has opposed any practice made unlawful by Title VII. 42 U.S.C. §2000e-3(a).

As this Court will instruct the jury, Plaintiff must prove by a preponderance of the evidence the following:

− Plaintiff had a reasonable, good faith belief that Greg Meinholz was sexually harassing her;

− Plaintiff asked him to stop; and

− Abt would not have terminated Plaintiff when it did if she had not told Mr. Meinholz to stop, but everything else remained the same.

Plaintiff has not proven be a preponderance of the evidence any of these elements.

**A. Plaintiff Did Not Have A Reasonable, Good Faith Belief That She Was Being Sexually Harassed.**

The evidence proves that Plaintiff did not have a reasonable, good faith belief that she was being sexually harassed. Specifically, the testimony of Plaintiff's close friend, Jaclyn Harold, proves that Plaintiff came up with a plan to sue Abt for sexual harassment in order to get back at Abt for terminating her employment. Ms. Harold testified that Plaintiff expressly stated that she knew that she did not have enough to sue if she only brought a wrongful termination claim, so that she had to "build" a sexual harassment claim in order to "stick it to the store." Because the sexual harassment claim was made-up by Plaintiff, she did not have a reasonable, good faith belief that Gregory Meinholz was sexually harassing her, and her retaliation claim fails as a matter of law.

Moreover, Plaintiff herself testified that she used the term "fatboobs." Although she tried to retract her testimony on direct, Plaintiff indicated that she would use the term in a sarcastic manner back at the person. Plaintiff's backpedaling of later stating that she meant she used the term in explaining the situation with her sister and mother, does not negate Plaintiff's testimony on direct examination that she used that term regarding herself.

As additional evidence that Plaintiff's sexual harassment allegations are groundless is Ms. Harold's testimony that Plaintiff influenced Ms. Harold to change her testimony to provide favorable testimony to help Plaintiff win her case in exchange for a share of any recovery. Plaintiff went so far as to instruct Ms. Harold to lie to prevent her from revealing what could be considered extremely unfavorable evidence.

The Seventh Circuit has consistently stated that "utterly baseless claims do not receive protection under Title VII." See, Mattson v. Caterpillar, Inc., 359 F.3d 885, 890-91 (7th Cir. 2004). At the very least, the evidence shows that Plaintiff lacked the reasonable, good faith belief that she was sexually harassed in order to sustain a Title VII retaliation claim.

### B. Plaintiff Did Not Ask Mr. Meinholz To Stop Engaging In Conduct.

The record fully supports the fact that Plaintiff could never have asked Mr. Meinholz to stop engaging in any conduct toward her, because Plaintiff was never being sexually harassed. Ms. Harold testified that Plaintiff came up with this plan to sue Abt for sexual harassment in order to get back at Abt for terminating her employment. As a result of this evidence, Abt could not have retaliated against Plaintiff for a made-up scheme, which it was not aware of, and which never occurred.

### C. Abt Would Have Terminated Plaintiff Even If She Had Not Told Mr. Meinholz To Stop, But Everything Else Remained the Same.

The evidence supports the fact that Plaintiff's employment would have been terminated regardless of any complaint of alleged sexual harassment. Plaintiff admitted that she did not like her new supervisor, Panagiota Sveronis, and Ms. Sveronis did not like her. Plaintiff admitted to an incident which occurred on the day her employment was terminated that she snubbed a new employee joining the Custom Audio Department, because she was put out that the new employee was sitting in her workstation. Moreover, although Plaintiff denies that her tardiness was unacceptable, and that she was ever disciplined for tardiness, Ms. Harold testified that not only did she hear Ms. Sveronis express her dissatisfaction with Ms. Watson's tardiness, she also saw disciplinary letters that were issued to Plaintiff for tardiness.

Ms. Harold also testified that she was aware that there was a personality conflict between Ms. Sveronis and Ms. Watson, which may have been another reason for Ms. Watson's termination.

### D. Plaintiff's Retaliation Claim Fails As A Matter Of Law.

Plaintiff has two routes she can take to attempt to prove retaliation under Title VII – the direct method or the indirect method under McDonnell Douglas burden-shifting approach. See Stone v. Indianapolis Pub. Utils. Div., 281 F.3d 640, 644, cert denied 537 U.S. 879 (2002).

#### 1. *No Direct Evidence Of Retaliation Exists In This Case.*

Under the direct method, Plaintiff was required to present direct evidence that: (1) she engaged in statutorily protected activity; (2) an adverse employment action was taken by the employer; and (3) a causal connection existed between the two. Rhodes v. Illinois Dep't of Transportation, 359 F.3d 498, 505-506 (7th Cir. 2004), citing Stone, 281 F.3d at 644. However, "the Seventh Circuit is clear that temporal proximity between the protected activity and the

adverse employment action does not itself create a triable issue." Tomanovich v. City of Indianapolis and Indiana Department of Transportation, 457 F.3d 656, 665 (7th Cir. 2006); Mazeika, 2006 U.S. Dist. LEXIS 71956 *50-51.

Here, even assuming for purposes of this Motion only that Plaintiff has satisfied the second element of her *prima facie* case, she has failed to prove the first and third elements. Because Plaintiff made-up the sexual harassment claim to get even with Abt for terminating her employment, her claim is utterly baseless, and she has failed to prove that she engaged in statutorily protected activity. See, Mattson v. Caterpillar, Inc., 359 F.3d at 890-91 (7th Cir. 2004). As to the third element, Plaintiff failed to present evidence connecting her termination and her alleged complaint. In fact, the evidence is undisputed that Plaintiff had no knowledge of whether Ms. Sveronis was involved in her termination. Instead, Plaintiff is solely relying on temporal proximity, which is not enough for Plaintiff to survive this Motion for Judgment as a Matter of Law under the direct method.

For these reasons, Plaintiff's retaliation claim is legally deficient under the direct method of proof, and Abt is entitled to judgment as a matter of law.

### 2. *Plaintiff's Retaliation Claim Is Also Legally Insufficient Under The Indirect Method Of Proof.*

To establish a *prima facie* case under the indirect method of proof, Plaintiff was required to show: (1) she engaged in statutorily protected activity; (2) she was performing her job in a satisfactory manner; (3) she was subjected to an adverse employment action; and (4) she was treated less favorably than a similarly situated employee who did not engage in the statutorily protected activity. Tomanovich, 457 F.3d at 666; Mazeika, 2006 U.S. Dist. LEXIS at *50; Stone, 281 F.3d at 644. However, "proof of retaliation under the indirect method presupposes that the decision-maker knew that the plaintiff engaged in a statutorily protected activity, because

if an employer did not know the plaintiff made any complaints, it 'cannot be trying to penalize him for making them.'" Tomanovich, 457 F.3d at 668-669, citing Shafer v. Kal Kan Foods, Inc., 417 F.3d 663, 664 (7th Cir. 2005).

Here, Ms. Sveronis had no knowledge of Plaintiff's alleged complaint of sexual harassment. In fact, Plaintiff admitted that she did not report her allegations to any of her other Managers or to human resources. Although Plaintiff testified that Mr. Meinholz has such knowledge, the evidence is undisputed that Mr. Meinholz merely approved and carried out the termination. Plaintiff had no knowledge of Ms. Sveronis being involved or why the decision was made. Therefore, Plaintiff cannot establish a *prima facie* case of retaliation.

In addition, as set forth above, because Plaintiff made up the sexual harassment claim to get even with Abt for terminating her employment, her claim is utterly baseless, and she has failed to prove that she engaged in statutorily protected activity. See, Mattson v. Caterpillar, Inc., 359 F.3d at 890-91 (7th Cir. 2004).

Further, Plaintiff also failed to sustain her claim under this approach because the evidence, including Plaintiff's testimony, proves Plaintiff was not satisfactorily performing her job and there is no evidence that she was treated less favorably than a similarly situated employee who did not engage in statutorily protected activity. Plaintiff's tardiness alone would be grounds to terminate Plaintiff's employment. However, Plaintiff had other deficiencies including a poor work attitude, which became glaringly obvious with the January 20th incident with the new employee.

Moreover, there is no evidence that any comparable employee who was not engaged in statutorily protected activity was treated more favorably than Plaintiff. "Perfect enforcement of company rules is hardly to be expected." Crawford v. Indiana Harbor Belt Railroad Company,

461 F.3d 844, 845 (7th Cir. 2006). Members of the comparison group must be comparable to Plaintiff in all material respects. Crawford, 461 F.3d at 846. Crawford also highlighted the materiality of a difference in supervisors as being important, especially in a case such as this where the supervisor has broad discretion in enforcing work rules and issuing discipline. Crawford, 461 F.3d at 847; SOF at ¶¶70-75; see also Metzler v. Federal Home Loan 464 F.3d 1164, 1175-1176 (10th Cir. 2006)(Drawing an inference of pretext is not permissible when the different treatment is by different supervisors – from a past supervisor than the present new supervisor, because the difference may be the result of the different supervisor's reactions.). There is no evidence in the record to prove that any of Plaintiff's co-workers, who reported to Ms. Sveronis and who did not engage in statutorily protected activity, were tardy more often than Plaintiff, and not disciplined.

For these reasons, Plaintiff's retaliation claim is legally deficient under the indirect method of proof, and Abt is entitled to judgment as a matter of law.

### 3. *Plaintiff Failed To Prove That Her Termination Was Based On Illegal Retaliatory Motives Because She Admitted To The Conduct That Formed The Bases For The Discharge.*

If a plaintiff establishes a *prima facie* case of retaliation, the burden shifts to the employer to present evidence of a non-retaliatory reason for its employment action. Tomanovich, 457 F.3d at 663. Here, Plaintiff has failed to establish a *prima facie* case, and, therefore, the burden does not shift to Abt. However, even if it did, Plaintiff's claim is legally insufficient because she has admitted to engaging in the underlying conduct that formed the bases for the discharge decision. Therefore, Plaintiff has not and cannot prove that the underlying reasons were pretextual. Covello v. City of Chicago, 2006 U.S. Dist. LEXIS 68985 (N.D. Ill. 2006). First, the evidence proves, and Plaintiff does not deny, that she repeatedly would not arrive to work at her scheduled time. Second, Plaintiff further admits that her actions toward a new employee in the department

7

could have been interpreted as being rude. Third, Plaintiff admitted that she did not get along with her immediate supervisor and that she on several occasions made derogatory comments about her supervisor. Moreover, Ms. Sveronis, had no knowledge that Plaintiff allegedly complained of sexual harassment. The only possible retaliatory motive Plaintiff could attribute to Ms. Sveronis was that Ms. Sveronis did "not like" her. Although Mr. Meinholz was involved in approving the decision and implementing the decision, Plaintiff had no knowledge as to who was involved in the decision, other than it was Mr. Meinholz that carried out the decision. In any event, Ms. Harold testified that Plaintiff received disciplinary notices regarding her tardiness prior to the time Plaintiff claims that she made any allegations that she was sexually harassed or that she asked it to stop. Therefore, Plaintiff's claim is legally insufficient because she cannot prove pretext.

**CONCLUSION**

WHEREFORE, Abt Electronics, Inc. respectfully requests that this Court enter judgment as a matter of law in its favor and against the Plaintiff pursuant to Fed. R. Civ. P. 50(a), and that the Court grant such further and additional relief as it deems just and appropriate.

Dated: February 22, 2007                                     Abt Electronics, Inc.

                                                                                       By: _s/ Jennifer A. Naber _____
                                                                                            Jennifer A. Naber, One of Its Attorneys

Jennifer A. Naber
Laner, Muchin, Dombrow, Becker,
 Levin and Tominberg, Ltd.
515 North State Street, Suite 2800
Chicago, Illinois 60610
(312) 467-9800
(312) 467-9479 (fax)

**CERTIFICATE OF SERVICE**

Jennifer A. Naber, an attorney, hereby certifies that, on February 22, 2007, she caused Abt Electronics, Inc.'s Rule 50(a) Motion For Judgment As A Matter Of Law in the above-captioned matter to be filed with the Clerk of the District Court and served on the party of record listed below, by operation of the Court's CM/ECF electronic filing system, addressed to:

>Alejandro Caffarelli
>Jessica Fayerman
>Caffarelli & Siegel Ltd.
>Two Prudential Plaza
>180 North Stetson, Suite 3150
>Chicago, Illinois 60601
>Telephone: (312) 540-1230

/s/Jennifer A. Naber
Jennifer A. Naber